UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80884-CIV-MARRA

CUSTOMPLAY, LLC,

Plaintiff,

vs.

AMAZON.COM, INC.,

Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO STAY**

This cause is before the Court upon Defendant's Motion to Stay Pending Instituted *Inter Partes* Review Proceedings on All Asserted Claims of All Patents-In-Suit (DE 108). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Defendant moves to stay this case until completion of *inter partes* review ("IPR") proceedings that the U.S. Patent and Trademark Office ("USPTO") recently instituted, after Defendant asked the Patent Trial and Appeal Board ("PTAB"), an administrative court within the USPTO, to interrogate the validity of the three patents at issue. The PTAB granted Defendant's request. The PTAB's final determination will issue no later than March of 2020.

According to Defendant, a stay will not unduly prejudice Plaintiff because Plaintiff only seeks money damages and not injunctive relief. Furthermore, the stay will simplify the issues in dispute and at any trial. If the PTAB decides the claims are unpatentable, the alleged infringement will be moot and the Court may dismiss the case. The PTAB may cancel some of the claims or Plaintiff may seek to amend its claims during the IPR. Lastly, Defendant points out

that discovery is not complete and a trial date has not been set.

Plaintiff opposes the stay, concerned the PTAB will not issue its decision with respect to the patentability of the challenged claims of the asserted patents for 12 months, and if the losing party appeals the PTAB's decision, an additional year or two will be added to the timeframe before the IPR is resolved.  Plaintiff posits that the case can be concluded long before the IPR is concluded.

According to Plaintiff, a stay would reward Defendant's gamesmanship and would place it at a clear tactical disadvantage.  Plaintiff claims that Defendant waited until the last possible time to file its IPR petition, moved to continue the Markman hearing, the substantive dispositive motion deadline and the trial date.  Furthermore, Plaintiff states it would be unduly prejudiced by a stay, and that the advanced stage of the case warrants denial of the stay.  Plaintiff also claims that a stay will not simplify the trial.

"Stays pending IPR are granted routinely 'in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources.'"  See Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC, No. CV 14-22659-CIV, 2015 WL 12715618, at *1 (S.D. Fla. May 11, 2015) (quoting Evolutionary Intelligence, LLC v. Apple, Inc., No. 13cv04201, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014)).  In patent cases, there is a liberal policy of granting stays pending an administrative proceeding before the USPTO. Andersons, Inc. v. Enviro Granulation, LLC, No. 8:13-CV-3004-T-33MAP, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014).

"Courts typically weigh three factors in determining the appropriateness of a stay pending an IPR: (1) whether the stay will unduly prejudice or present a clear tactical disadvantage to the

nonmoving party; (2) whether the stay will simplify issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Id.

The Court agrees with Defendant that a stay will not unduly prejudice Plaintiff. As pointed out by Defendant, Plaintiff seeks only money damages, not injunctive relief. See Patent Asset Licensing, LLC v. Bright House Networks, LLC, No. 3:15-CV-742-J-32MCR, 2016 WL 4431574, at *3 (M.D. Fla. Aug. 22, 2016) (recognizing the availability of money damages is sufficient to protect a plaintiff from prejudice). Defendant is a financially viable and solvent entity, and it will be able to satisfy any monetary judgment entered in favor of Plaintiff in this case.

As for the prejudice to which Plaintiff points, such as witnesses' memories fading or a negative impact on its ability to license the patent in suit, Plaintiff does not identify any witness nor identify any licensing program that would be affected by a delay. "[D]elay in litigation, without more, generally does not demonstrate undue prejudice." Andersons, 2014 WL 4059886, at * 2. Finally, any delay caused by a stay is "outweighed by the many advantages of *inter partes* review." Patent Asset, 2016 WL 4431574, at * 3.

Before discussing the second factor, the Court believes it would be helpful to discuss first whether discovery is complete and the lack of a trial date. Plaintiff contends this case is in "the advanced stage," whereas Defendant points out that discovery is not complete and a trial date has not been set. While the Court recognizes that the case was filed in 2017, it is not in an advanced stage. Notably, discovery is ongoing, there has not been a Markman hearing and the parties have not filed substantive pretrial motions. See Intellectual Ventures I, LLC v. Motorola Mobility LLC, No. 13-61358-CIV, 2014 WL 12584301, at *2 (S.D. Fla. July 17, 2014) (granting stay

when discovery not completed, dispositive motions had not been filed and a claim construction hearing has not been held).

With respect to the Markman hearing, Plaintiff seeks to lay the blame for the delay of the hearing solely on Defendant. The Court disagrees. On February 6, 2018, the Court had to ask the parties whether they intended to seek a Markman ruling. (DE 42.) Once the parties indicated they intended to do so, they filed numerous joint extensions of time for the briefing, which the Court accommodated. (DE 52, 56, 61, 63, 65, 72, 74, 78, 84.) The briefing was not completed until September of 2018. After the Court set the hearing for January 29, 2019 (DE 88), the parties then vehemently disagreed over the inclusion of live expert witness testimony, with Plaintiff seeking the inclusion of these witnesses. The Court promptly ruled on this issue. Specifically, the Court granted Plaintiff's request for live expert testimony and also granted Defendant's request for the parties to make their respective witnesses available for depositions in advance of the hearing. (DE 91.) Given the number of witnesses and the holiday season, the parties were unable to complete discovery prior to the January 29, 2019 date, and the Court cancelled the hearing, ordered the parties to complete the necessary discovery by February 28, 2019, and file a status report for available dates for the hearing. (DE 97.) On March 7, 2019, the Court asked the parties for dates in April to set the Markman hearing.

The Court sets forth this history to dispel Plaintiff's claim that any delay in this case is solely the fault of Defendant and that Defendant's "delay tactics should not be rewarded with a halt of this lawsuit" (Resp. at 6). The above recitation shows that Plaintiff has not always acted

4

expediently[1] and has made certain tactical decisions, such as seeking live witness testimony after the Markman hearing date was set, that served to delay this case. Furthermore, as the Court previously explained (DE 105), it cannot issue a summary judgment order until conducting the Markman hearing, thus requiring an extension of the dispositive motion deadline and trial date.

Finally, the Court agrees with Defendant that the PTAB proceedings will likely simplify the issues in dispute. Although Plaintiff may very well be correct that Defendant will not prevail on all its challenged claims, any narrowing of the claims would dramatically impact claim construction, discovery, dispositive motions and trial. Furthermore, the Court will be aided by the PTAB proceedings. Patent Asset, 2016 WL 4431574, at *4 ("In construing the disputed claims, the Court also will be aided by the interpretation offered by the PTAB."). Indeed, it is for these reasons, that "courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." Id. at * 3.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Stay Pending Instituted *Inter Partes* Review Proceedings on All Asserted Claims of All Patents-In-Suit (DE 108) is **GRANTED**.

2) The case is **STAYED** and the Clerk is directed to **ADMINISTRATIVELY CLOSE** the case pending the *inter partes* review.

3) The parties are directed to file a status report once the PTAB proceedings have

---

[1] Plaintiff has also sought motions for extension of time or joined in joint motions for extensions of time on other matters as well. (DE 34, 49, 98, 109.)

concluded.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of April, 2019.

_____
KENNETH A. MARRA
United States District Judge