UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-cv-80884-Marra/Matthewman

CUSTOMPLAY, LLC,

    Plaintiff,

vs.

AMAZON.COM, INC.,

    Defendant.

_____/

FILED BY ____ D.C.

MAY 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### AMENDED[1] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EXPEDITED MOTION TO MODIFY THE PROSECUTION BAR PROVISION OF THE PROTECTIVE ORDER [DE 116]

THIS CAUSE is before the Court upon Plaintiff, CustomPlay, LLC's ("Plaintiff") Expedited Motion to Modify the Prosecution Bar Provision of the Protective Order ("Motion") [DE 116]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 31. Defendant, Amazon.com, Inc. ("Defendant"), has filed a response to the motion [DEs 118, 122] along with a Declaration of Theodore J. Angelis [DEs 119, 123], and Plaintiff has filed a reply [DE 124]. The Court has expedited briefing on this Motion and has determined that no hearing is necessary. This matter is now ripe for review.

### I.    PROTECTIVE ORDER AT ISSUE

The pending Motion deals with Plaintiff's request to modify the provisions of a "Prosecution Bar Provision" of a Protective Order entered by the Court upon the joint motion of

---

[1] This Amended Order is being entered in response to Plaintiff's Motion for Clarification [DE 126] and is intended to make crystal clear the Court's ruling on the Prosecution Bar Provision of the Protective Order.

1

the parties. Specifically, on May 25, 2018, the parties filed a Stipulated Protective Order Governing Dissemination of Confidential Information ("Protective Order") [DE 58]. The Court entered the Protective Order on the same date. [DE 59]. Paragraph 7 of the Protective Order states the following:

> Absent written consent from the Producing Party, any Counsel who receives access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" information that is technical in nature shall not supervise, assist, substantively advise, or otherwise substantively counsel in the drafting or amending of patent claims of any patent application in the field of video annotation before any foreign or domestic agency for a period ending two years after the final resolution of this litigation. This provision does not prohibit a Party's Counsel from participating in reexamination proceedings, Post-Grant Review proceeding, *Inter Partes* Review proceeding, or Covered Business Method Review proceeding involving any of the Party's patents, provided, however that such Counsel (who had access to the Party's technical Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE") do not participate in the drafting or amending of any patent claims in the field of video annotation. The duration of this section may be terminated earlier by agreement of the parties (*e.g.*, in the case of settlement).

[DE 59, pp. 10-11].

## II. **PLAINTIFF'S MOTION**

On May 13, 2019, Plaintiff filed its expedited Motion [DE 116] seeking modification of the above provision of the Protective Order. Plaintiff argues that the "restrictive language of the Prosecution Bar Provision" precludes every attorney in Plaintiff's counsel's office from assisting Plaintiff in amending its patent claims. *Id.* at p. 2. Plaintiff further asserts that only one attorney in Plaintiff's counsel's office, Kyle Ceuninck, Esq., has actually reviewed the documents that Defendant designated "Confidential—Attorneys' Eyes Only." *Id.* According to Plaintiff, Mr. Ceuninck will not be involved in amending any of the claims of Plaintiff's patents before the Patent Trial and Appeal Board. *Id.* Plaintiff contends that "[e]xcluding CustomPlay's counsel

2

from representing it with respect to claim amendment would unduly prejudice CustomPlay" because "[s]ince CustomPlay's inception, Counsel has been CustomPlay's sole intellectual property counsel." *Id.* at p. 3. Plaintiff requests that the Court modify the Prosecution Bar Provision to change the language from "any counsel who receives access to" and "counsel who had access to" the terms "any counsel who views" and "counsel who had viewed." *Id.*

Plaintiff argues that, when it agreed to the Protective Order, Defendant had not stated any intent to file a petition for *inter partes* review with the Patent Trial and Appeal Board. [DE 116, p. 4]. Plaintiff maintains that "good cause supports the minor modifications that CustomPlay seeks. However, without such modification, CustomPlay argues that it will suffer prejudice which would outweigh any such prejudice to Amazon that could possibly result from the requested modification." *Id.* at p. 5. According to Plaintiff, counsel's representation of Plaintiff during the *inter partes* review proceedings before the Patent Trial and Appeal Board does not create a risk of inadvertent use of Defendant's confidential information, and the potential injury to Plaintiff if the Court does not modify the Protective Order would outweigh any potential injury to Defendant. *Id.* at pp. 5-7.

Attached to the Motion is the Declaration of Plaintiff's counsel, Kyle A. Ceuninck [DE 116-4]. Mr. Ceuninck attests that he is the only person at his law firm to have viewed any of Defendant's documents, which are maintained on a password-protected document database. *Id.* at ¶ 7.

## III. DEFENDANT'S RESPONSE

Defendant argues that it has provided Plaintiff with "the source code, and countless trade secrets, that power the Amazon technology at issue." [DE 118, p. 1]. Defendant believes that

3

other attorneys at the law firm representing Plaintiff have accessed, or at least received, the highly confidential information. *Id.* According to Defendant, at the time that the parties agreed on the language in the Protective Order, Plaintiff knew that *inter partes* review was foreseeable. *Id.* at p. 5. Moreover, the Patent Trial and Appeal Board instituted *inter partes* review in March 2019, but Plaintiff waited until April 9, 2019, to contact Defendant about modifying the Protective Order. *Id.* Defendant quickly responded, and Plaintiff waited a month to file its Motion. *Id.* at p. 6.

Defendant contends that prosecution bar provisions are commonplace because it is very difficult for "trial counsel having confidential technical information about an adversary not to rely on that information, even if only indirectly and inadvertently, when advocating zealously for her client's own interests." [DE 118, pp. 6-8]. Defendant further contends that courts have rejected Plaintiff's proposed language for the modification of the Protective Order as "necessarily inadequate." *Id.* at p. 9. This is because applying the prosecution bar only to lawyers who have actually viewed the confidential information would allow lawyers to learn the information through conversations or written summaries. *Id.*

Defendant next argues that Plaintiff has not satisfied its burden in seeking to modify the Protective Order because all four relevant factors—the nature of the protective order; the foreseeability, at the time of the issuance of the order, of the modification requested; the parties' reliance on the order; and whether good cause exists for the modification—all weigh against modification. [DE 118, pp. 10-15]. Defendant points out that Plaintiff has not formally stated in its Motion or the attached Declaration that other lawyers at the law firm lack knowledge of Defendant's highly confidential information; Plaintiff states that only one attorney physically

4

reviewed the information. *Id.* at p. 12. Finally, Defendant asserts that Plaintiff has not shown the required "severe prejudice" and that the Protective Order already contains a reasonable, compromised prosecution bar provision. *Id.* at pp. 13-15.

Attached to the Response is the Declaration of Defendant's counsel, Theodore J. Angelis [DEs 119, 123].

## IV.    PLAINTIFF'S REPLY

In its reply, Plaintiff argues that the nature of the Protective Order favors modification because it expressly allows for modification. [DE 124, p. 5]. Plaintiff next argues that it did not foresee the need to amend its claims in the *inter partes* review until March 2019 and that it acted promptly to work out the issue with Defendant. *Id.* at pp. 3-6. Plaintiff asserts that reliance on the Protective Order does not weigh in favor of the modification because the documents produced by Defendant were not truly highly confidential and because the senior attorneys at Plaintiff's counsel's law firm have not viewed any protected materials. *Id.* at p. 6. Finally, Plaintiff maintains that good cause exists for the modification. *Id.* at p. 7. Plaintiff explains that only one attorney has accessed the confidential documents produced by Defendant, that Defendant is simply speculating that other attorneys have knowledge of the confidential information, that an ethical wall between attorneys would be sufficient, and that Plaintiff being required to retain a new law firm would be greatly prejudicial. *Id.* at pp. 7-10.

Attached to the reply is another Declaration of Plaintiff's attorney, Kyle A. Ceuninck [DE 124-1]. Mr. Ceuninck avers that the documents produced by Defendant only contain short snippets of incomplete source code. *Id.* at ¶ 5. Mr. Ceuninch also states that he is the only attorney in the law firm who "has actually reviewed, accessed, or has knowledge of the contents

5

of Amazon's documents." *Id.* at ¶ 6. Finally, he explains that he has not communicated with other attorneys at the firm about the content of the documents, and that he will not do so until the *inter partes* review proceedings are completed. *Id.* at ¶¶ 7-8.

## V. <u>ANALYSIS</u>

The Court has carefully reviewed the Motion, response, reply, and the entire docket in this case. First, the Court finds that the express language of the Protective Order entered by the Court on May 25, 2018, does allow for its modification. [DE 59, p. 18, ¶ 13.1]. That is, the nature of the Protective Order contemplates that a modification may be necessary and may be sought by any person. Plaintiff is, therefore, certainly permitted to seek modification of the Protective Order.

Second, the Court finds that the *inter partes* review ("IPR") instituted in mid-March 2019 provides a sound basis for Plaintiff to move to modify the Protective Order. Plaintiff did not foresee this occurrence at the time the Protective Order was entered on May 25, 2018. This constitutes a substantial change in circumstances.

Third, the Court finds good cause does exist for the Court to grant some relief to Plaintiff, although not the full relief sought by Plaintiff. That is, the Court finds good cause to modify and clarify the Protective Order as specifically delineated below.

Fourth, in balancing all the relevant factors, the Court finds that Plaintiff would be unfairly and severely prejudiced if the Court did not grant a modification and clarification of the Prosecution Bar Provision.

Fifth, although the parties have relied upon the Protective Order, Defendant will suffer no prejudice due to the Court's clarification and modification of the Protective Order as discussed

below. Importantly, in its response to the Motion, Defendant explicitly states, "[b]ut it is unclear whether both of the lawyers who are CustomPlay's counsel in the *inter partes* review—Adam Underwood and Bryan Wilson—have accessed Amazon's confidential information. If not, CustomPlay's motion is baseless; Mr. Carey's firm need do nothing more than create an ethical wall between its lawyers." [DE 118, p. 13]. In its reply, Plaintiff argues that only Mr. Ceuninck has accessed Defendant's confidential information. [DE 124, p. 8]. The Declaration of Kyle A. Ceuninck attached to the reply [DE 124-1] further clarifies that Mr. Ceuninck is the only attorney in the law firm who "has actually reviewed, accessed, or has knowledge of the contents of Amazon's documents." *Id.* at ¶ 6.

In light of the foregoing, the Court hereby clarifies and modifies the Protective Order as follows. The Court will permit only two specific attorneys from Plaintiff's law firm, Carey Rodriguez Milian Gonya, LLC ("Carey Firm")--Adam Underwood, Esq., and Bryan Wilson, Esq.--to supervise, assist, substantively advise, or otherwise substantively counsel in the drafting or amending of patent claims of any patent application in the field of video annotation before any foreign or domestic agency[2] (hereinafter, referred to as "Patent Claim Amendment"). Mr. Underwood and Mr. Wilson can only work on such "Patent Claim Amendment" so long as the ethical wall, which has already been formed according to Plaintiff's representations and the requirements for which the Court discusses below, remains intact between Mr. Underwood and Mr. Wilson and any attorneys from the Carey Firm who have accessed, reviewed, or communicated about Defendant's highly confidential information. *See Voice Domain Techs., LLC v. Apple, Inc.*, No. CIV.A. 13-40138-TSH, 2014 WL 5106413, at *9 (D. Mass. Oct. 8,

---

[2] This language is taken verbatim from the Prosecution Bar Provision of the Protective Order [DE 58].

2014) (permitting such an ethical wall as a solution to avoid confidential information from litigation to be used in reexamination proceedings); *see also Valencell, Inc. v. Apple, Inc.*, No. 5:16-CV-1-D, 2016 WL 7217635, at *9 (E.D.N.C. Dec. 12, 2016) ("Nonetheless, the court shares the perspective reflected in the Texas model protective order that an ethical wall is a reasonable means of helping to ensure compliance with the purpose behind the prosecution bar."). The ethical wall required by the Court in the instant case will safeguard Defendant's highly confidential information.

The Court hereby requires, as part of the required ethical wall, that Mr. Underwood and Mr. Wilson cannot directly or indirectly access or review the confidential information produced by Defendant which Defendant has designated, or shall designate in the future, as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" pursuant the Protective Order. Moreover, Mr. Underwood and Mr. Wilson cannot communicate (orally or in writing or in any other fashion) with any attorneys in the Carey Firm about this highly confidential information previously produced by Defendant or produced in the future. Finally, Mr. Underwood and Mr. Wilson cannot be in an area of the law firm where the confidential information is being verbally discussed and cannot be party to any telephone communication, email, text, memorandum, written summaries, or other document(s) where the confidential information is being discussed. Moreover, Mr. Underwood and Mr. Wilson shall ensure that they are the only two attorneys from the Carey Firm who work on "Patent Claim Amendment." The Court will require Mr. Underwood and Mr. Wilson to file affidavits stating, under oath, that they agree to the terms as set forth above and shall scrupulously adhere to these terms.

The Court has clarified and modified the Protective Order by carving out an exception in the Prosecution Bar Provision to permit Mr. Underwood and Mr. Wilson to work on "Patent Claim Amendment." These are the only two attorneys at the Carey Firm who may work, indirectly or directly, on "Patent Claim Amendment." In light of the much ado and objection[3] Defendant has made about John Carey, Esq.'s involvement in this litigation, and in light of the fact that Defendant has provided factual allegations which arguably support its contention that Mr. Carey has some knowledge of the highly confidential information, the Court will not allow Mr. Carey to work on "Patent Claim Amendment", either directly or indirectly. This should help to alleviate Defendant's concern about any potential violation of the Protective Order and any use of the highly confidential information during the process of "Patent Claim Amendment".

The Court is aware of the extensive case law cited by Defendant in its response regarding modification of a protective order. In entering this Order, the Court has considered and attempted to adhere to all relevant case law. The Court has carefully reviewed, for example, Judge Bryson's excellent opinion in *British Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 1244075 (D. Del. Mar. 18, 2019), as well as the four-factor test discussed in *Chicago Mercantile Exch., Inc. v. Tech. Research Grp., LLC*, 276 F.R.D. 237 (N.D. Ill. 2011), a case upon which both sides rely heavily.

In the instant Order, however, the Court is only slightly modifying and clarifying the Protective Order by mandating the institution of an ethical wall which will allow two specific attorneys to work on "Patent Claim Amendment" so long as they are ethically walled off from the highly confidential information produced by Defendant in this litigation. In other words,

---

[3] *See* DE 118, pp. 4-5, 12.

Plaintiff's Motion is granted to the extent that the Court has clarified and modified the Protective Order to carve out an exception for two attorneys, and two attorneys only, but the Motion is denied to the extent that Plaintiff seeks to further modify the actual language of the Protective Order.[4] The Court is concerned that a wholesale modification of the Protective Order to change the language of the Prosecution Bar Provision as requested by Plaintiff may unnecessarily lead to further disputes between the parties. The ethical wall provision imposed by the Court, along with other conditions imposed, provides clarity and specificity so as to avoid further litigation over this issue.

Finally, the Court notes its disappointment with Plaintiff and its counsel in that Plaintiff admittedly knew about the instant dispute in March 2019 and waited until May to file its Motion on an expedited basis. The Court has had to set aside other matters and dedicate its resources to this matter in order to resolve Plaintiff's Motion on an expedited basis. The Court does not want to see this unnecessary waste of judicial resources occur again.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Expedited Motion to Modify the Prosecution Bar Provision of the Protective Order [DE 116] is **GRANTED IN PART AND DENIED IN PART** as specified above.

2. Mr. Underwood and Mr. Wilson are the only attorneys at the Carey Firm who shall be permitted to work on "Patent Claim Amendment" so long as the ethical wall described above remains intact. They shall comply with all conditions previously

---

[4] Defendant argues in its response that "CustomPlay has the burden of showing, on a lawyer-by-lawyer basis, that the proposed modification to the Agreed Protective Order is necessary to avoid a clear and serious injury." [DE 118, p. 12]. The Court has engaged in a lawyer-by-lawyer analysis in coming to its decision.

stated in this Order, as will Plaintiff and all the attorneys at the Carey Firm. No other attorney in the Carey Firm shall be permitted to directly or indirectly work on "Patent Claim Amendment." Attorneys John C. Carey and Kyle A. Ceuninck are not precluded from participating in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceeding, or Covered Business Method Review proceedings involving any of the Party's patents[5], so long as they do not participate in "Patent Claim Amendment", and so long as their participation is in accordance with the provisions of the Protective Order [DE 58]. Mr. Underwood and Mr. Wilson shall file affidavits on or before **May 25, 2019**, stating that they will follow the Court's directives and fully comply with the Court's Order and directives.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of May, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[5] This language is taken directly from the Protective Order [DE 58].